IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JESSIE CHARLIE WILLIAMS, PRO SE, § <br> TDCJ-CID # 933740, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> GERALD GARRETT, Chairman, T.B.P.P., § <br> § <br> Defendant. § | 2:04-CV-0022 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff JESSIE CHARLIE WILLIAMS, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in forma pauperis

Plaintiff complains false or incorrect information contained in his parole file resulted in the denial of parole. Plaintiff argues this is an unconstitutional procedure utilized by the Board of Pardons and Paroles and requests injunctive relief to prevent a future denial based on the same information.

### JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

To provide more specific factual details of his claim, plaintiff has presented a copy of the judgment[3] of conviction showing "no finding" as to a deadly weapon. Plaintiff also states that, at his criminal trial, the State abandoned the allegation that he "injured complainant by swinging at his head with a bottle, because there was no evidence to support it" and that it was not included in the court's charge. Of course, the trial is not the totality of the record before the Parole Board and the absence of a deadly weapon finding upon conviction does not prove no weapon was involved. Consequently, it is clear plaintiff has not alleged sufficient facts to support a claim that the Parole Board relied upon false or erroneous information in denying his parole.

---

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

[3]Exhibit B to plaintiff's May 13, 2004, Briefing Order response.

Moreover, even if plaintiff's facts are sufficient to state a claim that the Board considers unreliable or false information in making parole determinations, without more, this does not state a claim of constitutional dimension. Due Process Clause protections operate only when challenged State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250-251, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983). Since Texas prisoners have no protected liberty interest in parole, Due Process protections do not apply to the procedures utilized in parole review; and prisoners cannot challenge state parole review procedure on either procedural or substantive Due Process grounds. *Id*. (citations omitted). The Fifth Circuit has clearly stated that "such concerns are matters for the responsible state agencies and it is to those bodies that grievances concerning parole procedures should be addressed." *Id*. (citing *Brandon v. D.C. Board of Parole*, 823 F.2d 644 (D.C.Cir. 1987). Therefore, plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff JESSIE CHARLIE WILLIAMS be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail.  The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED THIS   15TH   DAY OF FEBRUARY 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE